UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BROOKS L. MAULDIN,

    Plaintiff,                                            CIVIL NO. 10-12826

v.

JANET NAPOLITANO, Secretary of        HON. MARIANNE O. BATTANI
Homeland Security,

    Defendant.
_____/


**<u>OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS</u>**

Before the Court is a Motion to Dismiss pursuant to Rule 12(b)(1) and (6) filed by Defendant Janet Napolitano, Secretary of the Department of Homeland Security. The Court has reviewed all the filings relevant to these motions and finds oral argument will not aid in the resolution of this dispute. See E. D. Mich. LR 7.1(f)(2). For the reasons discussed, this Court **GRANTS** Defendant's motion.

**I. FACTS**

On August 15, 2004, the Transportation Security Administration ("TSA") hired Plaintiff Brooks L. Mauldin as a part-time Transportation Security Screener. On the same day, the TSA also hired at least one other person at the same position, and both employees had the same "Entry On Duty," or "EOD," date for seniority purposes. (See Compl. at 1). Upon beginning his employment, Plaintiff signed and provided his Social Security Number ("SSN") on a Race and National Origin Identification Form. (Compl. at 3). The Form included a "Privacy Act Statement," which stated that the SSN would be used "solely for" the purpose of "economy and orderly administration in the maintenance of personnel records." (Doc. No. 14 at 2).

Mauldin alleges that in December 2004, the TSA promoted other part-time employees, including one that shared the same EOD as Plaintiff. This promotion decision was based on the last four digits of Mauldin's SSN, as set forth in the TSA Management Directive 1100.61-4. (Compl. at 3). Mauldin claims that the TSA violated the Privacy Act when it retrieved this information from his forms to use in this capacity.

After Mauldin filed a different lawsuit on September 22, 2008 regarding the same incident, the Equal Employment Opportunity Commission ("EEOC") issued a Report of Investigation ("ROI"), which discussed the use of the Management Directive and SSN. (See Doc. No. 9, Ex. D ¶8). This report was delivered to Mauldin on February of 2008, more than two years prior to the date upon which he filed the complaint in this case - July 19, 2010 (See Doc. No. 9, Ex. D at 31). Nevertheless, Mauldin claims he did not learn of the agency's use of this method until December of 2008.

## II. STANDARD OF REVIEW

Where subject matter jurisdiction is challenged pursuant to 12(b)(1), "the plaintiff has the burden of proving jurisdiction in order to survive the motion." Michigan S. R.R. Co. v. Branch & St. Joseph Counties Rail Users Ass'n., Inc., 287 F.3d 568 (6th Cir. 2002); see also Moir v. Greater Cleveland Reg'l Transit Auth., 895 F.2d 266, 269 (6th Cir. 1990). Where there is a factual question as to whether jurisdiction exists, "no presumptive truthfulness attaches to a plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." RMI Titanium Co. v. Westinghouse Elec. Corp., 78 F.3d 1125, 1134 (6th Cir. 1996). "The non-moving party must show that the complaint "alleges a claim under federal law, and that the claim is 'substantial.' " GTE North, Inc.

v. Strand, 209 F.3d 909, 915 (6th Cir. 2000) (quoting Musson Theatrical, Inc. v. Federal Express Corp., 89 F.3d 1244, 1248 (6th Cir. 1996)). When evaluating a 12(b)(1) motion, "the court is empowered to resolve factual disputes." Rogers v. Stratton Industries, Inc. 798 F.2d 913 (6th Cir. 1986) (citing Williamson v. Tucker, 645 F.2d 404 (5th Cir. 1981)).

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must contain more than mere "'labels and conclusions'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). The complaint must include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). Also, for a plaintiff to survive a motion to dismiss, the "complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory." Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice." Bishop v. Lucent Technologies, Inc., 520 F.3d 516 (6th Cir. 2008) (quoting Mezibov v. Allen, 411 F.3d 712, 716 (6th Cir. 2005)).

In determining whether a complaint states a claim under Rule 12(b)(6), a court may consider "public records . . . and letter decisions of governmental agencies" without converting the motion into one for summary judgment under Federal Rule of Civil Prcedure 56(c). Jackson v. City of Columbus, 194 F.3d 737, 745 (6th Cir. 1999) When considering a motion to dismiss based on failure to state a claim, the court should focus primarily on the complaint, but "'matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint . . . may be taken into

account.'" Doe v. SexSearch.com, 551 F.3d 412, 416 (6th Cir. 2008) (quoting Amini v. Oberlin Coll., 259 F.3d 493, 502 (6th Cir. 2001)).

## III. ANALYSIS

In its motion to dismiss, Defendant Napolitano advances three reasons for dismissal. First, Mauldin's complaint violated the two-year statute of limitations for a Privacy Act claim. Second, Mauldin has failed to state a claim under the Privacy Act. Third, Mauldin's claims are barred by res judicata.

### A. Statute of Limitations

Under the Privacy Act, an individual may bring a civil action against a federal agency "to enforce liability created under [5 U.S.C. § 552a(g)(1)]." However, this action must be brought "within two years from the date on which the cause of action arises." 5 U.S.C. § 552a(g)(5). "(T)he statute of limitations starts to run when the plaintiff first knew or had reason to know of a violation." Davis v. U.S. Dept. of Justice, 204 F.3d 723, 726 (7th Cir. 2000).

There is disagreement between circuits as to whether the statute of limitations provision is jurisdictional. The Seventh and Tenth Circuits have found that "a plaintiff's failure to file suit within the time period specified in § 552a(g)(5) deprives the federal courts of subject matter jurisdiction over the action." Diliberti v. United States, 817 F.2d 1259, 1262 (7th Cir. 1987); see also Harrell v. Fleming, 285 F.3d 1292, 1293 (10th Cir. 2002); Cannon-Harper v. U.S. Postmaster Gen., No. 06-10520, 2006 WL 2975492 at *1 (E.D. Mich. Oct. 17, 2006)(unpublished). The District of Columbia Circuit has taken the opposite approach by rejecting Diliberti and maintaining that the statute of limitations is not a jurisdictional bar and federal courts retain subject matter jurisdiction even when a

Privacy Act claim is filed beyond the two-year statute of limitations.  See Chung v. U.S. Dept. of Justice, 33 F.3d 273, 278 (D.C. Cir. 2003).  The Court finds the reasoning in Diliberti persuasive.

Here, Mauldin knew, or had reason to know, of the alleged violation of the Privacy Act by February 2008 when he was sent a ROI in February of 2008.  The ROI described in detail the TSA Management Directive and how it was used for promotion decisions.  (See Doc. No. 9, Ex. D at ¶ 7-8 and Tabs A-C).  The two-year statute of limitations therefore expired, at the latest, in February of 2010, and the Court consequently lacks subject matter jurisdiction over this Complaint, which was filed four months later on July 19, 2010.

### B.  Failure to State a Claim

Even if the Court exercised subject matter jurisdiction, this case would be dismissed because Mauldin has failed to properly state a claim upon which relief can be granted.  To prove the TSA violated the Privacy Act, Mauldin must establish that "the agency 'disclosed' the information.'"  Davis v. Runyon, 142 F.3d 433 at *4 (6th Cir. Feb. 23, 1998) (unpublished) (citing Quinn v. Stone, 978 F.2d 126, 131 (3d Cir. 1992)).  Mauldin does not claim that the SSNs were 'disclosed', but rather that the TSA Management Directive and its implementation violate the Privacy Act inasmuch as they "contradict[] the purpose [for which] social security numbers [were] intended to be used."  (Doc. No. 14 at 3).  He adds that the numbers were used "unlawfully in fifty states."  Id.

Use of Mauldin's SSN by the agency alone does not violate the Privacy Act.  "Internal disclosure is not the evil against which the Privacy Act was enacted."  Clarkson v. IRS., 811 F2d 1396 (11th Cir. 1987).  The court in Clarkson held that as long as the

5

protected information was not disclosed to any outside person or agency, other than the plaintiff himself, the use of the information did not violate the Privacy Act. Also, information shared within the same agency is "not subject to the requirements of the Privacy Act." Williams v. Reilly, 743 F. Supp. 168, 175 (S.D.N.Y.1990). In this case, Mauldin does not allege a 'disclosure' outside of the agency or provide any evidence of such 'disclosure'; he only addresses the use of the Management Directive. Therefore, Mauldin fails to establish a Privacy Act claim.

Even if the implementation of the TSA Management Directive did constitute a 'disclosure' under the Privacy Act, Mauldin has not sufficiently alleged or shown violations of the other elements of a Privacy Act violation as he has not sufficiently alleged or shown (1) his SSN is covered by the Act as a 'record' contained in a 'system of records'; (2) the disclosure of Mauldin's SSN had an "adverse effect" on him; and (3) the 'disclosure' of Mauldin's SSN was 'willful or intentional.' See Runyon, 142 F.3d 433, at *4 (citing Quinn, 978 F.2d 126 at 131). Mauldin's failure to include allegations regarding the elements renders his Privacy Act claim subject to dismissal.

Because the Court finds it lacks jurisdiction over Plaintiff's Privacy Act claims, and Plaintiff fails to state a Privacy Act claim, it declines to address the res judicata argument. In sum, Plaintiff's complaint must be dismissed under Rule 12(b)(1) and/or Rule 12(b)(6).

## IV.  CONCLUSION

For the reasons stated, this Court **GRANTS** Defendant's Motion to Dismiss.

**IT IS SO ORDERED.**

                                       s/Marianne O. Battani
                                       MARIANNE O. BATTANI
                                       UNITED STATES DISTRICT JUDGE

Dated: July 26, 2011

## CERTIFICATE OF SERVICE

Copies of this Opinion and Order were served upon the Plaintiff, Brooks Maudlin via ordinary U.S. Mail  and Counsel for the Defendant electronically.

                                       s/Bernadette M. Thebolt
                                       Case Manager